**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| CYNTHIA WESTBROOK<br>4214 Rose Thickett Lane<br>Fairfax, VA 22030<br><br>Plaintiff,<br><br>v.<br><br>LABORERS' INTERNATIONAL UNION OF NORTH AMERICA<br>905 16th Street NW<br>Washington, DC 20006<br><br>THEODORE GREEN<br>905 16th Street NW<br>Washington, DC 20006<br><br>Defendants. | Civ. No. |

**<u>COMPLAINT AND JURY DEMAND</u>**

Plaintiff Cynthia Westbrook, by her attorney, alleges for her Complaint herein:

**PRELIMINARY STATEMENT**

1. Defendant Theodore Green subjected his secretary, Plaintiff Cynthia Westbrook, to a hostile work environment by, among other things, giving her a sexual vibrator as a gift at work. Ms. Westbrook's former employer, Laborers' International Union of North America ("LIUNA"), failed to take any corrective action against Mr. Green upon receiving Ms. Westbrook's complaint about the lewd gift. Accordingly, Ms. Westbrook brings this sexual harassment lawsuit against her former employer, LIUNA Laborers' International Union of North America and her former supervisor, Theodore Green, for sexual harassment, hostile work environment, and retaliation on the basis of Ms. Westbrook's gender in violation 42 U.S.C. §

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001
202-618-2344
www.klaprothlaw.com

2000e, *et seq.* ("Title VII"), and the District of Columbia Human Rights Act, D.C. Code §§ 2-1401 et seq. ("D.C. Human Rights Act").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343(a)(4).

3. This Court has supplemental jurisdiction over the D.C. Human Rights Acts, D.C. Minimum Wage Act Claims, and D.C. Wage Payment and Collection Law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(b)(2) as the acts and/or omissions alleged in this Complaint occurred in the District of Columbia. Moreover, the Defendants are found in, reside, or transact business in the District of Columbia.

5. Ms. Westbrook filed her charges of discrimination with the EEOC on June 16, 2015, which was automatically cross-filed with the D.C. Office of Human Rights. Ms. Westbrook received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on August 29, 2016, which allows Ms. Westbrook to pursue her claims in this U.S. District Court.

**PARTIES AND RELEVANT PERSONS**

6. Plaintiff Cynthia Westbrook is a female, and was employed as a legal secretary by LIUNA. Plaintiff began working as a legal secretary for LIUNA on July 21, 2014. At all times, relevant, Plaintiff worked for LIUNA at its office located in the District of Columbia. At all relevant times, Ms. Westbrook was an employee of LIUNA as defined under 42 U.S.C. § 2000(e), D.C. Code § 32-1002(2), and D.C. Code § 32-1301(2).

7. Defendant Laborers' International Union of North America (LIUNA) is a national labor union with its principal place of business located at 905 16th Street NW,

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

Washington, DC 20006. Upon information and belief, at the relevant times herein, LIUNA employed more than 500 employees. Upon information and belief, LIUNA is an employer defined by the relevant statutes in the District of Columbia. At all times relevant, LIUNA was an employer as defined under 42 U.S.C. § 2000(e), D.C. Code § 32-1002(3), and D.C. Code § 32-1301(1).

8. Defendant Theodore Green is the General Counsel for LIUNA. At all relevant times, herein, Mr. Green was one of Plaintiff's supervisors.

**FACTS COMMON TO ALL COUNTS**

9. Ms. Westbrook was hired by LIUNA as legal secretary on or about July 21, 2014. When Ms. Westbrook was hired, her responsibilities were to correct errors with Form LM-15 and LM-16 filings that occurred at LIUNA prior to her employment with LIUNA.

10. Ms. Westbrook's job responsibilities required her to work overtime on almost a daily basis. In fact, in 2014, Ms. Westbrook worked approximately 5-10 hours of overtime per week. Nevertheless, Ms. Westbrook was a strong performing employee without any incidents of discipline or deficient work performance.

11. Soon after beginning her employment with LIUNA, Ms. Westbrook was subjected to sexual harassment and a sexually hostile environment as a result of the conduct by the General Counsel for LIUNA, Defendant Theodore Green. The harassment was severe and pervasive in nature. Specifically, shortly after commencing work, Ms. Westbrook learned that she was hired for the legal secretary position because Defendant Mr. Green said, "just hire blondie."

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

12. In addition, Mr. Green would frequently creep up behind Ms. Westbrook while she was seated at her desk. Mr. Green would then stand uncomfortably close to Ms. Westbrook until she turned around and responded to him.

13. The work environment for Ms. Westbrook became drastically more hostile on or about December 19, 2014 when General Counsel Green gave Ms. Westbrook a sexual vibrator as a Christmas gift. Mr. Green gave the vibrator to Ms. Westbrook while at work, with only the two of them in his office. Ms. Westbrook, who had previously been sexually assaulted by a supervisor who was also an attorney, was devastated by Mr. Green's conduct and the vibrator that he had given her. Ms. Westbrook later came to learn that Mr. Green also gave a vibrator to another female subordinate in the office.

14. Still distraught by Mr. Green's conduct, on December 23, 2014, Ms. Westbrook complained to the Chief of Staff about the vibrator that had been given to her by Mr. Green. Ms. Westbrook also complained about the General Counsel's inappropriate behavior in the office. Later that same day, Ms. Westbrook then complained to an Associate General Counsel about the vibrator that Mr. Green had given her. During this conversation, the Associate General Counsel indicated that Mr. Green had also given a vibrator to another female coworker. The Associate General Counsel also confirmed that the gift was inappropriate and stated that he would speak to Mr. Green about the incident.

15. LIUNA failed to take any remedial action to Ms. Westbrook's complaint about the vibrator. Instead the hostile environment continued, and grew worse. In fact, Mr. Green later joked among male colleagues about buying the female employees vibrators for Christmas.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

16. Subsequent to the complaint regarding the vibrator, Mr. Green retaliated against Ms. Westbrook by disciplining her without justification. The sexually hostile environment created by Mr. Green also became more pervasive and severe.

17. In or about February 2015, Mr. Green asked Ms. Westbrook "how do you get into that [shirt] and out if it." This sexually hostile comment was made in reference to a button-down shirt that Ms. Westbrook was wearing at the time. Similarly, Mr. Green continued to creep up behind Ms. Westbrook while she was seated at her desk. He would remain hovering over Ms. Westbrook inches from her body, for extended periods. Ms. Westbrook repeatedly told Mr. Green that his conduct was neither welcomed nor appropriate.

18. On March 18, 2015, approximately three months after complaining of the vibrator given to her by Mr. Green, Ms. Westbrook was terminated from LIUNA without any basis.

19. LIUNA and Mr. Green have engaged in sexually discriminatory practices concerning harassment and discipline towards the Plaintiff, though upon information and belief, the discriminatory conduct extended to other employees and hiring practices of LIUNA. Notwithstanding, Plaintiff believes such practices demonstrate the pattern, practice and motivation of LIUNA and Mr. Green, and the manner in which they acted in concert to effectuate a discriminatory or retaliatory result.

20. As a result of Defendants discrimination and harassment, Ms. Westbrook has suffered significant damages.

**COUNT I**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII**
**(Defendant LIUNA)**

21. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

22. During Plaintiff's employment, a severe and pervasive hostile environment existed in violation of Title VII. Defendant Green made sexually charged comments to Ms. Westbrook and purchased a vibrator for her as an office holiday gift thereby creating a sexually hostile environment. Defendant Green's sexual hostility towards Ms. Westbrook was pervasive and regular. Ms. Westbrook dealt with his sexually charged comments and hostile behavior on a daily basis. Indeed, Defendant Green's sexual animus towards his subordinate employee was a pattern and practice of discriminatory conduct that pervaded the workplace at LIUNA and subjected Ms. Westbrook to a hostile environment.

23. Defendant LIUNA fostered, accepted, ratified, and/or otherwise failed to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Ms. Westbrook because of her gender. Respondeat superior liability further exists because Defendant Green was Ms. Westbrook's supervisor or manager, and therefore an agent of Defendant LIUNA.

24. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff suffered economic and non-economic damages set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless, and until, the Court grants the relief requested herein.

25. Defendants' violations of the Title VII were willful and warrant the imposition of punitive damages.

26. Plaintiff seek affirmative relief which may include, but is not limited to, requiring Defendants to post the avenues to address complaints of workplace harassment, discrimination, and retaliation, requiring Defendant LIUNA's employees to undergo discrimination, sexual

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

harassment, and retaliation training, and any other equitable relief as the Court deems appropriate, compensatory damages, attorneys' fees, costs and disbursements of this action.

27. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendant LIUNA, by awarding (1) compensatory damages; (2) equitable relief, including back pay and front pay; (3) costs and attorney's fees; (4) punitive damages, and (5) any other relief the Court deems proper.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII**
**(Defendant LIUNA)**

28. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

29. By reason of the foregoing, Defendants retaliated against Plaintiff and thereby violated laws set forth in Title VII.

30. The harassing, reckless, wrongful, willful and malicious treatment of the Plaintiff, by the Defendants solely because Plaintiff made complaints of sexual harassment and objected to discriminatory conduct and/or participated in a claim of discrimination, or was a witness to discrimination; constitutes denial of equal opportunity, terms, conditions, and perquisites of employment and is retaliation with the meaning of Title VII.

31. Ms. Westbrook engaged in statutorily protected activity when she exercised her Title VII rights by complaining of Defendant Green's sexual harassment to her supervisor.

32. LIUNA took no remedial measures in response to Ms. Westbrook's complaint about the vibrator. Instead the hostile environment continued, and grew worse. In fact, Mr. Green later joked among male colleagues about buying the female employees vibrators for Christmas.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

33. Subsequent to the complaint regarding the vibrator, Mr. Green retaliated against Ms. Westbrook by disciplining her without justification. The sexually hostile environment created by Mr. Green also became more pervasive and severe.

34. Instead of taking remedial measures against the sexual harassment by Mr. Green, Defendants instead retaliated against Ms. Westbrook by terminating her without any basis and only three months after complaining of the vibrator.

35. As a result of Defendants' harassing, reckless, unlawful, wanton and malicious retaliatory conduct, Plaintiff has suffered economic and non-economic damages set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

36. Defendants' retaliation in violation of Title VII was willful and warrant the imposition of punitive damages.

37. Plaintiff seeks affirmative relief which may include, but is not limited to, requiring Defendants to post the avenues to address complaints of workplace harassment, discrimination, and retaliation, requiring defendant's employees and defendants to undergo harassment, discrimination and retaliation training, and any other equitable relief as the Court deems appropriate.

38. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants, jointly and severally, by awarding (1) damages; (2) equitable relief, including back pay and front pay; (3) costs and attorney's fees; (4) punitive damages; and (5) any other relief the Court deems proper.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

**COUNT III**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT**
**(All Defendants)**

39. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

40. During Plaintiff's employment, a severe and pervasive hostile environment existed in violation of the D.C. Human Rights Act. Defendant Green made sexually charged comments to Ms. Westbrook and purchased a vibrator for her as an office holiday gift, thereby creating a sexually hostile environment. Defendant Green's sexual hostility towards Ms. Westbrook was pervasive and regular. Ms. Westbrook dealt with his sexually charged comments and hostile behavior on a daily basis. Indeed, Defendant Green's sexual animus towards his subordinate employee was a pattern and practice of discriminatory conduct that pervaded the workplace at LIUNA and subjected Ms. Westbrook to a hostile environment.

41. Defendant LIUNA fostered, accepted, ratified, and/or otherwise failed to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Ms. Westbrook because of her gender. Respondeat superior liability further exists because Defendant Green was Ms. Westbrook's supervisor or manager, and therefore an agent of Defendant LIUNA.

42. As a direct and proximate result of Defendants' violation of the D.C. Human Rights Act, Plaintiff suffered economic and non-economic damages set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless, and until, the Court grants the relief requested herein.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

43. Defendants' violations of the D.C. Human Rights Act were willful and warrant the imposition of punitive damages.

44. Plaintiff seek affirmative relief which may include, but is not limited to, requiring Defendants to post the avenues to address complaints of workplace harassment, discrimination, and retaliation, requiring Defendant LIUNA's employees to undergo discrimination, sexual harassment, and retaliation training, and any other equitable relief as the Court deems appropriate, compensatory damages, attorneys' fees, costs and disbursements of this action.

45. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendant LIUNA, by awarding (1) compensatory damages; (2) equitable relief, including back pay and front pay; (3) costs and attorney's fees; (4) punitive damages, and (5) any other relief the Court deems proper.

**COUNT IV**
**RETALIATION IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT**
**(All Defendants)**

46. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

47. By reason of the foregoing, Defendants retaliated against Plaintiff and thereby violated laws set forth in D.C. Human Rights Act.

48. The harassing, reckless, wrongful, willful and malicious treatment of the Plaintiff, by the Defendants solely because Plaintiff made complaints of sexual harassment and objected to discriminatory conduct and/or participated in a claim of discrimination, or was a witness to discrimination; constitutes denial of equal opportunity, terms, conditions, and perquisites of employment and is retaliation with the meaning of the D.C. Human Rights Act.

49. Ms. Westbrook engaged in statutorily protected activity when she exercised her

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

rights under the D.C. Human Rights Act by complaining of Defendant Green's sexual harassment to her supervisor.

50. LIUNA took no remedial measures in response to Ms. Westbrook's complaint about the vibrator. Instead the hostile environment continued, and grew worse. In fact, Mr. Green later joked among male colleagues about buying the female employees vibrators for Christmas.

51. Subsequent to the complaint regarding the vibrator, Mr. Green retaliated against Ms. Westbrook by disciplining her without justification. The sexually hostile environment created by Mr. Green also became more pervasive and severe.

52. Instead of taking remedial measures against the sexual harassment by Mr. Green, Defendants instead retaliated against Ms. Westbrook by terminating her without any basis and only three months after complaining of the vibrator.

53. As a result of Defendants' harassing, reckless, unlawful, wanton and malicious retaliatory conduct, Plaintiff has suffered economic and non-economic damages set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

54. Defendants' retaliation in violation of the D.C. Human Rights Act was willful and warrant the imposition of punitive damages.

55. Plaintiff seeks affirmative relief which may include, but is not limited to, requiring Defendants to post the avenues to address complaints of workplace harassment, discrimination, and retaliation, requiring defendant's employees and defendants to undergo harassment, discrimination and retaliation training, and any other equitable relief as the Court

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

deems appropriate.

56. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants, jointly and severally, by awarding (1) damages; (2) equitable relief, including back pay and front pay; (3) costs and attorney's fees; (4) punitive damages; and (5) any other relief the Court deems proper.

**COUNT V**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE D.C. MINIMUM WAGE ACT, D.C. CODE § 32-1000 *et seq***
**(Defendant LIUNA)**

57. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

58. Plaintiff is an "employee" within the meaning of the D.C. Code § 32-1002(2). Similarly, Defendants are "employers" of the within the meaning of the D.C. Code § 32-1002(3).

59. Pursuant to D.C. Code § 32-1003(c) employers must pay non-exempt employees, such as Ms. Westbrook, one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours in any one work week.

60. While employed at LIUNA, Ms. Westbrook's job responsibilities required her to work overtime on almost a daily basis. Ms. Westbrook typically worked 5-10 hours of overtime per week.

61. Defendants knowingly and willingly failed to pay Ms. Westbrook one and one-half times her regular hourly rate for hours (approximately$60 per hour) worked in excess of forty hours per work week.

62. Defendants further knowingly and willing violated the DCMWA by failing to pay Ms. Westbrook any wages for hours worked in excess of forty hours per work week.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

63. WHEREFORE, Plaintiffs pray for relief in the form of a judgment against Defendants, jointly and severally, by awarding Plaintiff: compensatory damages, including unpaid overtime compensation; liquidated damages equal to the amount of unpaid overtime; punitive damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other relief the Court deems proper.

**COUNT VI**
**FAILURE TO PAY WAGES UPON DISCHARGE IN VIOLATION OF D.C. WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1303**
**(Defendant LIUNA)**

64. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

65. Ms. Westbrook was terminated on March 18, 2015. Defendants, however, willfully failed to pay Plaintiff all wages owed to her within 4 days from the date of her termination in violation of D.C. Code § 32-1303(1).

66. Specifically, Defendants owe Plaintiff one and one-half times her regular rate for overtime hours worked for which she was not compensated.

67. Pursuant to D.C. Code § 32-1303(4) Plaintiff is entitled to liquidated damages in the amount of 10% of the unpaid wages per working day after the day that wages were due or an amount equal to treble the unpaid wages, whichever is smaller.

68. Under D.C. Code § 32-1308, Plaintiff is entitled to costs of this action, including reasonable attorney fees. Costs shall also include expert witness fees, depositions fees, witness fees, juror fees, filing fees, certification fees, the costs of collecting and presenting evidence, and any other costs incurred in connection with obtaining, preserving, or enforcing the judgment.

69. WHEREFORE, Plaintiff pray for relief in the form of a judgment against

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

Defendants awarding (1) compensatory damages in the amount of unpaid wages; (2) liquidated damages in the amount of treble unpaid wages; (3) costs and attorney's fees; (4) punitive damages and (5) any other relief the Court deems proper.

**COUNT VII**
**FAILURE TO PAY WAGES IN VIOLATION OF**
**D.C. WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1302**
**(Defendant LIUNA)**

70. Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

71. Under D.C. Code § 32-1302, "[e]very employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer." Wages that must be paid at least twice a month on regular paydays, includes overtime wages.

72. Defendants violated D.C. Code § 32-1302 by failing to pay Plaintiff all of her earned wages, including wages for their overtime hours and wages for all of the hours worked, at least during twice during each calendar month.

73. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants awarding (1) compensatory damages in the amount of unpaid wages; (2) liquidated damages in the amount of unpaid wages; (3) equitable relief; (4) costs and attorney's fees; (5) punitive damages and (6) any other relief the Court deems proper.

**PRAYER FOR RELIEF**

74. WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants awarding punitive damages and any other relief the Court deems proper and just. Plaintiff prays for judgment against Defendants against Defendants, jointly and severally, by

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

awarding: (1) compensatory damages; (2) equitable relief, including back pay, and reinstatement or front pay; (3) costs and attorney's fees; (4) punitive damages, and (5) any other relief the Court deems proper

**JURY AND TRIAL DEMAND**

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

/s/ Brendan J. Klaproth

Brendan J. Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW, Suite 350
Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiff*